UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4673
(3:07-cr-00061-FDW-14)

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

STEVEN JERMONTE CURETON, a/k/a Rollo,

              Defendant - Appellant.

O R D E R

        The court amends its opinion filed July 23, 2010, as

follows:

        On page 3, first full paragraph, line 10 -- "24

months'" is corrected to read "240 months'."

                              For the Court – By Direction

                              /s/ Patricia S. Connor
                                      Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4673**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

STEVEN JERMONTE CURETON, a/k/a Rollo,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Frank D. Whitney, District Judge.   (3:07-cr-00061-FDW-14)

Submitted:  July 14, 2010                Decided:  July 23, 2010

Before KING, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph R. Conte, LAW OFFICES OF J.R. CONTE, P.L.L.C., Washington, D.C., for Appellant.  Edward R. Ryan, United States Attorney, Jennifer Lynn Dillon, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Jermonte Cureton was charged in five counts of a multi-count indictment filed against multiple defendants. On September 26, 2007, Cureton executed an agreement with the Government, in which he pled guilty to Count I of the indictment: conspiracy to possess with the intent to distribute cocaine base, cocaine, marijuana and ecstasy, in violation of 21 U.S.C. §§ 841, 846 (2006).

On October 3, 2007, Cureton appeared before a United States Magistrate Judge for a Rule 11 hearing. The magistrate judge recited the elements of the offense and the mandatory minimum and maximum penalties applicable, and Cureton stated that he understood them. The Government recited the terms of Cureton's plea agreement, the court questioned Cureton, and Cureton stated that he was guilty of conspiracy to distribute drugs.

On December 28, 2007, over three months after he executed his plea agreement, Cureton filed a pro se motion to withdraw his guilty plea. Apparently concerned with the possibility that he could receive a life sentence for his crimes, Cureton argued at a hearing before the district court that his plea agreement was not valid because it incorrectly recited that he was a "member" of the "Hidden Valley Kings," a street gang that seems to have been the central target of the

2

Government's investigation. Cureton did admit that he sold drugs with gang members, though he maintained that he did not know their gang affiliation at the time, despite the fact that they "grew up together." Cureton stated he would "plead to anything but being a part of a gang."

The district court repeatedly informed Cureton that he had not pled guilty to being a member of a gang, but rather to conspiracy to distribute drugs, and concluded that the issue of whether or not Cureton was a member of a gang did not directly have any bearing on an element of the charge of conspiracy to distribute drugs that Cureton had plead guilty to. Accordingly, the court determined that it could not grant Cureton's motion, especially since Cureton had stated several times throughout the hearing that he had conspired to sell drugs. Following the denial of his motion, Cureton was sentenced to 240 months' imprisonment, among other punishments. Cureton appealed.

This Court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant may not withdrawal a guilty plea as a matter of right. Id. (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)). The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one

3

that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

As an initial matter, it should be noted that Cureton does not allege that the district court committed any specific error in conducting its Rule 11 colloquy, and an independent review of the record establishes that the lower court substantially complied with all of its obligations. Accordingly, Cureton must overcome a strong presumption that his guilty plea is final and binding. Lambey, 974 F.2d at 1394.

In determining whether Cureton has carried his burden, and overcome this presumption, this court must consider six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Ubakanma, 215 F.3d at 424 (citing Moore, 931 F.2d at 248 (footnote omitted)).

This court has previously stated that the first, second and fourth factors are the most significant, as they "speak most straightforwardly to the question of whether the

4

movant has a fair and just reason to upset the settled systematic expectations" by withdrawing his guilty plea. United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995). We find that Cureton has failed to carry his burden with regard to at least these three factors.

First, Cureton has failed to offer any credible evidence to overcome the presumption that his plea was knowing and voluntary. In a signed document entered contemporaneously with his plea colloquy, which tracks closely with the questions Cureton was asked in open court, Cureton stated that he had not been threatened or intimidated into pleading guilty, he was not under the influence of drugs or alcohol or otherwise incapable of understanding the charges against him, he understood the charges against him, and was pleading guilty because he was in fact guilty. Cureton has not attempted to directly refute any of these statements.

In both his plea agreement and at his Rule 11 colloquy, the material terms of his plea agreement were explained to Cureton, and in both instances, he acknowledged that he understood them. To escape the consequences of these actions, Cureton is now attempting to cloud the issue by attacking a non-essential passage in his plea agreement, which is of marginal relevance, to undermine the overall voluntariness of his assent to the material terms of his agreement.

Cureton's statements at his motion hearing conclusively establish that he is not legally innocent of the conspiracy charge to which he pled. As the district court stated, Cureton's many in-court admissions that he conspired to sell drugs made it virtually impossible for the lower court to allow him to withdraw his guilty plea.

Cureton has also attempted to show that his plea was involuntary or otherwise invalid by generally averring that his attorney was inaccessible and/or did not cooperate with him; however, his self-serving statements on this point cannot carry the day. A defendant seeking to establish that he is entitled to withdraw his plea because he did not receive close assistance of counsel must demonstrate that counsel performed deficiently and that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on proceeding to trial. United States v. Bowman, 348 F.3d 408, 416 (4th Cir. 2003). Cureton stated at his motion hearing that he would "plead to anything but being a part of a gang," which, ironically, is precisely what he did. This statement obviously falls far short of establishing that but for counsel's errors, assuming some occurred, Cureton would have insisted on going to trial.

Finally, while the fifth and sixth factors neither counsel strongly for or against allowing Cureton to withdraw his plea, the fact that Cureton waited over three months to file his

motion must be taken into account in determining that the district court did not abuse its discretion. While delay is not necessarily dispositive in all instances, it should be noted that this court has considered a much shorter delay to undermine a defendant's prospects of withdrawing an accepted guilty plea. Cf. Moore, 931 F.2d at 248 (six-week delay weighed heavily against defendant).

In any event, because Cureton has failed to establish that the Moore factors counsel in favor of allowing him to withdraw his guilty plea, we hold that the district court did not abuse its discretion. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the issues are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED